THE PEOPLE OF THE STATE OF NEW YORK Respondent, *v*. FRANK J. ANDERSON, Appellant.

Third Department, October 31, 1974.

*James E. Barnes, II,* for appellant.

*Spencer G. Feldmann, District Attorney (William F. O'Brien* of counsel), for respondent.

HERLIHY, P. J.   Upon this appeal, the defendant does not raise any issues as to the County Court trial, the court's charge to the jury, or the sentence rendered.   The sole issues raised are the failure of the trial court to dismiss the indictment upon the grounds that the defendant had been unlawfully deprived of a preliminary hearing in the Justice Court of the Town of Stockbridge prior to indictment, and/or that he had been deprived of a speedy trial.

There are no disputes as to the underlying facts in regard to the issues raised.   On September 16, 1973 the defendant was arrested for driving while intoxicated and a simplified traffic information was issued to him charging a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law as a *misdemeanor.*   The defendant appeared before the appropriate Town Justice for arraignment on September 16, 1973 at which time the matter was adjourned until October 25, 1973 upon defendant's request for assignment of counsel.   Defendant's counsel on appeal was assigned by a notice dated October 1, 1973.   On October 25, 1973 defendant's counsel was orally notified by the Town Justice that the District Attorney's office had requested an adjournment and that no plea to the information be accepted and, accordingly, he was adjourning the matter without designating a specific new date.   The defendant personally appeared before the Town Justice on October 25, 1973 and was advised that the matter had been adjourned.   On November 29, 1973 the defendant's counsel received notice that the case would be presented to a Grand Jury on December 3, 1973.   Defendant's counsel orally and in writing requested the District Attorney's office to schedule a preliminary hearing, which request was refused by the prosecutor upon the ground that the defendant was not entitled to such a hearing.   The defendant was indicted for the felony of driving while intoxicated on December 4, 1973.   The County Court Judge denied the defendant's motion to dismiss the indictment upon the grounds raised herein on January 15, 1974.   The defendant's trial was held upon the indictment on January 22 and 23 of 1974.

The order of the trial court denying the motion to dismiss upon the grounds raised herein was correct.

The record establishes that at the time defendant and his counsel were advised of the adjournment in arraignment pro-

ceedings in Justice Court upon the misdemeanor, they made no objection and acquiesced without inquiring as to the reason for the requested adjournment and did not request any day certain for further proceedings. (Cf. CPL 170.20, subd. 2.) The defendant was arrested on September 16, 1973 and the indictment divesting the Town Justice of jurisdiction was returned on December 4, 1973, well within the 90 days specified in CPL 30.30 (subd. 1, par. [b]). Furthermore, the defendant was tried within six months of the time from which he was arrested on September 16, 1973 in the County Court on January 22, 1974 and, therefore, CPL 30.30 (subd. 1, par. [a]) is inapplicable. The defendant made no motion for a dismissal of the proceedings in the Town Justice Court for a failure of a speedy trial (CPL 30.20, 170.30) and the record is devoid of any basis for such a motion. (See CPL 170.20.) In sum, the defendant has shown no delay prejudicial to his rights in fact or in law. (*People* v. *Abbatiello*, 30 A D 2d 11, 13.)

The defendant concedes that the failure to accord him a preliminary hearing pursuant to CPL 180.10 does not per se violate any constitutional right which would affect the validity of the indictment. (See *People* v. *Abbatiello, supra,* p. 12; *People* v. *Haney*, 29 A D 2d 698, 699.) The defendant also has not shown any violation of his statutory rights which would require a setting aside of the indictment. Furthermore, the conclusion of the Greene County Court in *People* v. *Krstovich* (72 Misc 2d 90) that the provisions of CPL 170.20 for removal of a misdemeanor charge to a Grand Jury and a superior court are unconstitutional is not adopted by this court. The duty of a District Attorney to prosecute felonies supports the supposed inequality of due process attendant in the procedural requirements when a defendant is attempting to remove a case from a local criminal court pursuant to CPL 170.25. Accordingly, the failure to provide for a preliminary hearing in cases such as the present when the defendant is not being held on a felony charge prior to indictment is not a failure of due process upon the ground that CPL 170.20 is unconstitutional. The simple fact is that CPL 180.10 does not require a preliminary hearing where the sole charge before the local criminal court is a misdemeanor and that was the case herein. Pursuant to CPL 530.20 bail or recognizance *must* be granted in misdemeanor cases and, accordingly, the freedom of the defendant to participate in investigating matters is more easily secured than in cases involving felony charges. Furthermore, the question of whether or not criminal charges will actually be preferred is not present in

misdemeanor cases pursuant to CPL 170.20 since the accusatory instrument representing the pleading of the prosecution has already been filed with an appropriate court.

The defendant has not demonstrated any failure of due process resulting from the failure of the State to provide for preliminary examinations when the provisions of CPL 170.20 are involved. A claim of inequality as to a defendant charged with a felony and in custody pursuant to such charge is illusory.

The judgment should be affirmed.

STALEY, JR., SWEENEY, KANE and MAIN, JJ., concur.

Judgment affirmed.