Max Bloom, J.
Defendant stands indicted for resisting arrest and for operating a motor vehicle while intoxicated. Within the time prescribed by statute (Vehicle and Traffic Law, § 1194, subd. 1, pars. [1] and [2]), defendant was requested to take "a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic or drug content of his blood”. He refused to do so. He now moves to preclude the District Attorney from offering evidence of such *1061 refusal upon the trial, asserting that the final proviso of subdivision 2 of section 1194 which authorizes the receipt of such evidence is violative of his Fifth Amendment rights.
So far as is here pertinent, section 1194 provides: "Chemical tests. 1. Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic or drug content of his blood provided that such test is administered at the direction of a police officer: (1) having reasonable grounds to believe such person to have been driving in violation of any subdivision of section eleven hundred ninety-two and within two hours after such person has been placed under arrest for any such violation, or (2) within two hours after a breath test, as provided in section eleven hundred ninety-three-a of this chapter, indicates that alcohol has been consumed by such person and in accordance with the rules and regulations established by the police force of which he is a member.
"2. If such person having been placed under arrest or after a breath test indicates the presence of alcohol in his system and having thereafter been requested to submit to such chemical test, refuses to submit to such chemical test, the test shall not be given and a report of such refusal shall be forwarded by the police officer under whose direction the test was requested to the commissioner within seventy-two hours and the commissioner shall revoke his license or permit to drive and any non-resident operating privilege; provided, however, the commissioner shall grant such person an opportunity to be heard, unless such opportunity is waived by such person, and provided further, however, that evidence of such refusal to submit to such chemical test shall be admissable in any trial, proceeding or hearing based upon a violation of the provisions of this section or the provisions of section eleven hundred ninety-two of this chapter but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in his refusal. ” (Italics supplied.)
Prior to the 1973 amendment (L. 1973, ch. 351) the sole penalty for refusal to take the chemical test was administrative. It resulted in revocation of the operator’s driving license (Matter of Sanderspree v Hults, 25 AD2d 702) and such revocation might be imposed even though a subsequent criminal trial of the charge of driving a motor vehicle while *1062 intoxicated resulted in an acquittal (Matter of Anderson v Macduff, 208 Misc 271).
True it is that an operator’s license is regarded as property and, hence, the requirements of due process are applicable. Forfeiture can be invoked only after the hearing prescribed by statute (Matter of Moore v Macduff, 309 NY 35; Matter of Wignall v Fletcher, 303 NY 435). However, up to September 1, 1973, it was the only penalty susceptible of imposition. The 1973 amendment added new dimension by including the proviso that, proper warnings having been given, evidence of such refusal would be admissible upon the criminal trial.
There are only two appellate cases in this State which have dealt directly with the admissibility of a refusal to take the chemical test in question (People v Stratton, 286 App Div 323, affd 1 NY2d 664; People v Paddock, 29 NY2d 504). Both were decided prior to the 1973 amendment.
Stratton (supra) involved a vehicular homicide resulting from alleged criminal negligence. A physician was sent to see the defendant in jail shortly after the accident. He testified that he had requested permission to take a specimen of the defendant’s blood so that its alcoholic content could be determined. Over objection the physician was permitted to state that the defendant had refused to grant such permission. The court, which characterized this testimony "as damning” held it to be incompetent for any purpose (p 326). "The courts of this State have long and consistently held that under our self incrimination laws the receipt of evidence in a criminal trial of a defendant’s complete silence or refusal to answer is reversible error. [Citation omitted.] This has been on the theory that the fact that a defendant did what he had an absolute right to do cannot be used to create any unfavorable inference against him.”
Paddock (supra), which followed Stratton, involved a conviction by a Court of Special Sessions for drunken driving. On appeal the County Court of Wayne County reversed, holding that the admission of defendant’s refusal to submit to a blood test was error. The Court of Appeals affirmed without opinion. Paddock merits comment only because of Judge Jasen’s concurring opinion in which he expressly noted (p 505) that "since there is no constitutional right to refuse to submit to such a test, it necessarily follows that there can be no constitutional prohibitions to prevent comment upon the accused’s *1063 failure to take the test.” This conclusion was bottomed on the premise that Schmerber v California (384 US 757) laid down the rule that there is no constitutional right or privilege which precludes a State from compelling a person suspected of operating a motor vehicle while intoxicated to submit to a blood test. By consequence concluded Judge Jasen (p 506), Stratton rested solely upon a statutory basis and "the Legislature may, if it be so advised, correct this situation.”
So to read Schmerber is, we think, to read it overbroadly. That case involved claims asserted under the Fourth, Fifth, Sixth and Fourteenth Amendments. So far as concerns the Fifth Amendment — the only one with which here we are concerned — the court held that (p 761): "the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature.” It then proceeded to point out that the withdrawal of blood and the use of its analysis did not involve evidence which was testimonial or communicative in origin. The same cannot be said, however, for a refusal to take the prescribed chemical tests. Refusal is, by definition, communication. As communication it falls within the protective cloak of the Fifth Amendment.
Our law has long recognized this principle. Indeed, it "is well settled that where a defendant is under arrest he is under no obligation to answer questions, and that his failure to do so creates no inference against him because of silence or his refusal to reply.” (People v Hyman, 284 App Div 347, 349, affd 308 NY 794; see also People v Rutigliano, 261 NY 103; People v Dolce, 261 NY 108 People v Mleczko, 298 NY 153; cf. People v Allen, 300 NY 222.) A statute which endeavors to compel such communication under penalty of having the refusal admitted in evidence, presumptively as evidence of consciousness of guilt (Erwin, Defense of Drunk Driving Cases, § 31.06), compels a defendant to bear witness against himself, in violation of his rights under the Fifth Amendment.
Nor is People v Craft (28 NY2d 274) to the contrary. There a defendant who had been arrested for driving while intoxicated submitted to a blood test. Thereafter he sought to exclude the results of the analysis of his blood from evidence upon the ground that, prior to the withdrawal of blood, he had not been notified of his rights under Miranda v Arizona (384 US 436), which had been decided one week prior to Schmer *1064 ber. The court held that since Schmerber limited Fifth Amendment rights to evidence which was testimonial or communicative in nature, Miranda had no application.
Other jurisdictions have sought to deal with the problem of the intoxicated motorist in the same fashion as has New York. Although the results are far from uniform, the present tendency in those States where the issue has been judicially determined is to opt for the result that evidence of refusal to submit to a blood or chemical test is admissible (Erwin, Defense of Drunk Driving Cases, ch. 31). However, these cases proceed on the non sequitur that since submission to the test is nontestimonial the refusal to submit is, likewise, nontestimonial. It is plain that one does not follow from the other. Equally plain, refusal may be transmitted only by some form of communication or communicative act. Moreover, these cases are in conflict with the rule laid down in Stratton which was formulated in constitutional terms.
It follows therefrom that to make admissible the defendant’s failure to take the prescribed test is violative of his rights under the Fifth Amendment.
To this a word of caution must be added. Fifth Amendment rights, like other constitutional rights, are subject to waiver. Should defendant endeavor to raise the issue of the absence of the test, either on the People’s direct case or by way of defense, such constitutional rights as may be his to prevent the People from presenting evidence of his failure to take the test may be lost. At the least, such evidence will then be admissible upon the issue of credibility (Harris v New York, 401 US 222; People v Kulis, 18 NY2d 318).
There remains for determination the question of whether, in the situation here presented, this motion may be brought in advance of trial or should, in the interests of orderly procedure, await determination at the trial. Inasmuch as action will lie to enjoin possible criminal prosecution under a State statute constitutionally defective (Automobile Workers v O’Brien, 339 US 454), it would appear appropriate that the constitutional issue be determined in advance of trial (cf. CPL 710.20, 60.45).
The motion to suppress evidence of defendant’s refusal to take the chemical tests provided for by statute is granted.