Julian A. Hertz, J.
In addition to other charges, the defendant is alleged to have been driving his vehicle while under the influence of alcohol in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law. Demand was timely made but the defendant refused to take the chemical breathalyzer test.
At this jury trial the arresting police officer testified to his observations concerning the physical condition of the defendant. Those observations included the usual objective signs of intoxication including bloodshot eyes, the odor of liquor on the defendant’s breath and a staggering gait. One of the lay prosecution witnesses confirmed that she also detected the odor of liquor emanating from the defendant.
It is to be noted that the complaint in this case also charges violations of the Penal Law: section 120.00, three counts of assault; section 240.25, harassment; section 120.15, menacing and section 265.01, possession of a weapon. Due to the multiple charges, the complaint fills the page. But with respect to the charge of driving while under the influence of alcohol, it does not contain the usual reference either to the administration of the breathalyzer test to determine the presence of *54 alcohol and the percentages thereof, or reference to the fact that the defendant refused to take the test.
As already stated, at the trial the prosecutor introduced the testimony of the arresting officer. That officer was not assigned to administer the breathalyzer test. Those tests are administered by specially trained officers known as IDTU men (an abbreviation for Intoxicated Driver Testing Unit). Nonetheless, when the testimony at trial approached the subject of the police demand that the defendant submit to the said chemical test, the court intervened to excuse the jury and hold a bench conference followed by a voir dire of the officer respecting the circumstances of the attempt to administer the test.
That hearing established that the arresting officer was able to recollect warnings given to the defendant concerning the consequences flowing from his refusal to consent to the test. However, the officer was vague on the exact content of the admonitions given and as required pursuant to subdivision 2 of section 1194 of the Vehicle and Traffic Law. More specifically that section, effective April 1, 1974, requires: "a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in his refusal.”
Were this the complete picture in this case, the court would have no difficulty. Indeed, on the People’s case, and out of the hearing of the jury the court ruled sua sponte that the prosecution could not introduce evidence of the defendant’s refusal to take the breathalyzer test based upon the reasoning set forth in Justice Bloom’s decision in People v Rodriguez (80 Misc 2d 1060) where he ruled that the application of section 1194 of the Vehicle and Traffic Law violates the defendant’s Fifth Amendment rights. Therefore, subscribing to views expressed therein, the legislative attempt to validate and/or set due process standards by enacting section 1194 of the Vehicle and Traffic Law are unavailing at least insofar as the section seeks to permit evidence of a refusal to be tested for alcohol is concerned.
It is noted, however, that Justice Bloom (p 1064) referred to the possibility of a waiver of Fifth Amendment rights which he envisioned taking the form of defendant’s "endeavor to raise the issue of the absence of the test, either on the People’s direct case or by way of defense”.
In this case, the defendant, in his own defense, after the *55 court had precluded the prosecution from introducing evidence of defendant’s refusal to be tested, spontaneously stated that the test had been offered, that he had been warned about the loss of his license and that the fact of refusal might be used in court. He testified that he refused as he does not imbibe since he has been warned against drinking because of physical ailments. And he asserted that he was not intoxicated at the time of the incident. By reason of his testimony the court found a waiver of any constitutional right against self incrimination and went on to charge the jury that they might consider the defendant’s refusal to take the test as evidence justifying an inference of his consciousness of guilt. It was also charged that the defendant’s conduct (his refusal to be tested) was very weak evidence when unsupported by other proof. But the court added that if the jury found that the refusal inspired an inference of defendant’s guilt, it might be considered as strengthening other more substantial evidence of guilt.
An additional point should be made. While Justice Bloom referred to a waiver generating an issue of credibility, this court conceives that the waiver of Fifth Amendment rights also permits the court to charge that the jury may infer that the refusal to take the test raises the afore-mentioned inference of guilt.
The decision filed herein is intended to be explanatory of the court’s in-trial restriction on the scope of the evidence which the prosecution may introduce (over objection or sua sponte) as well as to explain the reason for the charge to the jury as delivered without objection. In other words, and plainly, a constitutional objection lies on Fifth Amendment grounds to the introduction into evidence of a refusal to take the chemical test, but once that objection is waived, the prosecution may challenge the defendant’s credibility and demand an instruction that permits the fact finder to draw an inference of intoxication, thus giving effect to the legislative intent manifested by the enactment of section 1194 of the Vehicle and Traffic Law.