OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered May 10, 1976 (Harrington, J., at trial and sentence) is reversed on the law and a new trial is ordered on the charge of possession of gambling records in the second degree (Penal Law, § 225.15) and the charge of driving while impaired (Vehicle and Traffic Law, § 1192, subd 1).
Defendant was convicted of possession of gambling records in the second degree (Penal Law, § 225.15) and driving *994 while impaired (Vehicle and Traffic Law, § 1192, subd 1). We are of the opinion that it was improper for the trial court to wholly exclude the evidence relating to the defendant’s civilian complaint against a fellow police officer of the arresting officers. Such evidence should have been allowed in attempted impeachment of the policemen’s testimony. The extent to which an examination may go for the purpose of proving the hostility of a witness is within the discretion of the court, but the court has no discretionary power to rule out all the evidence which is offered for this purpose (Richardson, Evidence [10th ed], §§ 503-504). The complete exclusion of circumstantial evidence of hostility of the arresting officers, was, on the facts of this case, reversible error.
Furthermore, at trial, the People were permitted, over objection, to introduce evidence of defendant’s refusal to submit to a chemical test to determine alcoholic content of the blood. Evidence of refusal at a trial is authorized by statute, provided that the suspect was given sufficient warning of the effect of refusal and persisted in his refusal (Vehicle and Traffic Law, § 1194, subd 4 [formerly contained in subd 2]). Defendant contends that the admission of such evidence violated his Fifth Amendment privilege against self incrimination.
The Supreme Court has ruled in Schmerber v California (384 US 757, 764) that results of a blood test are not inadmissible on privilege grounds, because the privilege is a bar only against compelled "communications” or "testimony”, and does not protect against "compulsion which makes a suspect or accused the source of 'real or physical evidence’ ”. In so holding, however, the court was careful to observe that any statement incident to the compelled chemical test would constitute a testimonial product which might well fall within the privilege (Schmerber v California, supra, pp 765-766, n 9).
The statutory provision under review gives an accused the right to refuse to submit to a chemical test, but at the same time extracts an admission which will carry a strong circumstantial inference of guilt at trial. In effect, the defendant’s testimonial statement of refusal is substituted for the missing test results. Admission of the statement informs the jury that the defendant refused the test, presumably because he believed the result would be positive and he was unwilling to give evidence against himself. In consequence, the statute,
*995 insofar as it permits evidence of refusal to take the prescribed test, violates a defendant’s constitutional privilege from being compelled to testify against himself and from being compelled to provide the State with evidence of a testimonial nature (Schmerber v California, supra; People v Paddock, 29 NY2d 504; People v Rodriguez, 80 Misc 2d 1060). The admission of the refusal evidence was error of constitutional dimension, and since it cannot be said that there was no reasonable possibility that the error contributed to defendant’s conviction (People v Crimmins, 36 NY2d 230, 237), a reversal and new trial is mandated on this charge.
Defendant also challenges his conviction on the gambling count on the ground that he was not afforded a preliminary hearing on that count. CPL 170.75 permits a defendant arraigned on a misdemeanor information in the New York City Criminal Court to request a hearing to determine whether there is reasonable cause to believe that he committed such misdemeanor, except a defendant charged with a misdemeanor defined in article 225 of the Penal Law (gambling offenses) or in the Multiple Dwelling Law. Defendant argues that the statute is unconstitutionally discriminatory insofar as it excludes persons accused of gambling misdemeanors from the opportunity to request a preliminary hearing. While we have doubt that the statutory classification bears some rational relationship to a legitimate governmental purpose, or that the exclusion of those accused of gambling offenses is at all necessary to achieve the articulated legislative objective (see Weber v Aetna Cas. & Sur. Co., 406 US 164; Matter of Malpica-Orsini, 36 NY2d 568), we do not deem it necessary to squarely reach the constitutional issue in the posture of the case as it is now before us. A conviction after trial will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause (Gerstein v Pugh, 420 US 103, 119; People v Anderson, 45 AD2d 561). Moreover, it is not claimed that defendant suffered any significant pretrial restraint of liberty. Furthermore, defendant did have a preliminary hearing on the original charge of driving while intoxicated, and made no motion or request with respect to a hearing on the gambling offenses at that time.
Concur: Dudley, P. J., Hughes and Gellinoff, JJ.