OPINION OF THE COURT
Peter J. Benitez, J.
This case presents a recurring issue in the Criminal Court. *502 The issue is: where a defendant has been arraigned on a misdemeanor complaint and, at arraignment or within five days, the complaint has been replaced by a misdemeanor information (CPL 170.65), when must the court release the defendant who has been held in custody pending the disposition of the action if the People have served notice pursuant to CPL 170.20 (2) of their intention to present the charge to a Grand Jury for the purpose of prosecuting it by indictment.
In this case, defendant was arraigned on a misdemeanor complaint on October 11, 1991, charging operating a motor vehicle while in an intoxicated condition, Vehicle and Traffic Law § 1192 (2) and (3), and, at arraignment, the People filed a supporting deposition converting the complaint into an information. The People also noted that defendant had a prior felony conviction for driving while intoxicated (see, Vehicle and Traffic Law § 1193 [1] [cj) and served CPL 170.20 (2) notice. The case was adjourned and, on the adjourned date five days thereafter, the case had not been presented to the Grand Jury. Defendant moved for his release pursuant to CPL 180.80, arguing that had the accusatory instrument been a felony complaint he would be entitled to immediate release pursuant to that section as he had been in custody for more than 144 hours without a felony hearing or Grand Jury action.
This court ruled from the Bench that CPL 180.80 was not applicable in this case and that the earliest mandatory release date would be that provided by CPL 30.30 (2) (b), in this case 30 days from arraignment should CPL 170.20 (2) notice remain in effect for such period and should the People still not have obtained Grand Jury action by that time. In so ruling, this court noted that it was only addressing the issue of when defendant’s release was mandated by statute and was not at this time determining whether CPL 170.20 notice should be rescinded by the court at an earlier date or whether the court could entertain an application for reevaluation of defendant’s bail during that 30-day period.
While this court and others have had occasion to orally rule on the issue presented here, this court believed that it was appropriate to set forth its reasoning in a written opinion, particularly in view of the different approach taken by another court which decided the only case in which a written opinion has been published.
CPL 170.20 (2) provides that the People may apply for an *503 adjournment of the proceedings in a local criminal court in a misdemeanor prosecution for the purpose of presenting "the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment in a superior court.” Where such notice is served, the court must adjourn the proceedings and, while such notice is pending, the case may not proceed in the local criminal court as a prosecution by information and the defendant may not waive prosecution by information and plead guilty to the complaint. (See, People v Barkin, 49 NY2d 901 [1980].)
However, service of CPL 170.20 (2) notice does not convert the criminal prosecution into a prosecution of a felony complaint to which the mandatory release provisions of CPL 180.80 are applicable. CPL 180.80, requiring the release of a defendant after 144 hours upon failure to commence a felony hearing or file a certificate of affirmative Grand Jury action, is limited by its terms to proceedings on a felony complaint. Additionally, the right of the People to obtain an adjournment of the proceeding bn a misdemeanor accusatory instrument in order to present that charge to a Grand Jury does not require that the People have a basis to believe that the charge can be prosecuted as a felony. Rather, CPL 170.20 clearly states that an adjournment must be granted if the People serve notice of their intention to present the "misdemeanor charge” to a Grand Jury with a view to prosecuting it by indictment. As CPL 190.60 (1) permits a Grand Jury to indict for a misdemeanor (see also, CPL 200.20 [1]), the People may serve CPL 170.20 notice in a misdemeanor case where they intend to present the case to a Grand Jury for the purpose of seeking an indictment for either a misdemeanor or a felony charge. Furthermore, while CPL 170.20 notice remains in effect the criminal proceeding is a misdemeanor prosecution and the speedy trial provisions applicable to misdemeanors apply. (See, People v Rivera, 144 Misc 2d 1007 [Crim Ct, NY County 1989].)
The conclusion that the serving of CPL 170.20 (2) notice in a case where the pending accusatory instrument charges only misdemeanors does not entitle a defendant to mandatory release pursuant to CPL 180.80 is supported by the holding in People v Anderson (45 AD2d 561 [3d Dept 1974]). In that case, the court held that the right of a defendant arraigned on a felony complaint to a preliminary hearing pursuant to CPL 180.10 was inapplicable in a misdemeanor case in which CPL 170.20 (2) notice is served.
As the service of CPL 170.20 (2) notice does not convert the *504 proceedings into a proceeding on a felony complaint and CPL 180.80 is only applicable to proceedings on felony complaints, defendant’s application to be released pursuant to CPL 180.80 must be denied.
While CPL 180.80 is not applicable, there are mandatory release provisions which are applicable where the People have filed CPL 170.20 (2) notice in a proceeding on a misdemeanor accusatory instrument. First, even if CPL 170.20 notice is served, the release provisions of CPL 170.70 apply, as the case remains a misdemeanor prosecution during such time as the CPL 170.20 notice is pending. Therefore, the People must replace the misdemeanor complaint with a misdemeanor information within five days of arraignment or the defendant must be released from custody. In this case, the People converted the complaint into an information at defendant’s arraignment. Accordingly, defendant is not entitled to mandatory release pursuant to CPL 170.70. Nevertheless, even under such circumstances, a second mandatory release provision is applicable.
Before discussing that second applicable mandatory release provision, the holding in another case, People v Alvelez (NYLJ, Sept. 4, 1991, at 25, col 2 [Sup Ct, Kings County]), the only reported case found on the issue presented here, should be discussed. In that case, the court reached the same conclusions as does this court concerning the inapplicability of CPL 180.80 and the applicability of CPL 170.70 to situations such as those presented here. However, the court in Alvelez (supra) concluded that, beyond CPL 170.70, the "statutory scheme fails to provide relief for incarcerated defendants charged with a misdemeanor, where the proceedings are stayed pursuant to CPL § 170.20.” Accordingly, that court resorted to the provision of CPL 170.20 (2) which requires the court to adjourn the proceedings in local criminal court for Grand Jury action only to a date which affords the People a "reasonable opportunity to pursue such action”. The court in Alvelez (supra) determined that "the reasonableness of the adjournment should be coterminous with the reasonableness of the detention,” and set a date by which the People must obtain Grand Jury action, holding that should there be no Grand Jury action by that date the defendant would be released. By concluding that the defendant was not entitled to statutorily mandated release while CPL 170.20 (2) notice remained in effect, the court in Alvelez (supra) appears to have limited the People’s opportunity to stay the proceedings in local criminal court to obtain *505 an indictment to that period which the court found was a reasonable period of incarceration without such action.
This court, on the other hand, finds that the statutory scheme does address the right of a defendant to mandatory release in situations such as presented here. Accordingly, the reasonableness of the adjournment to present a case to a Grand Jury should not be determined by the reasonableness of defendant’s incarceration, as the two are substantively distinct matters each governed by specific sections of the statute. CPL 170.20 (2) provides that the length of the adjournment for Grand Jury action that must be granted is a "reasonable opportunity to pursue such action.” Therefore, the period of the adjournment should be determined by the nature of the case and the availability of the People’s evidence. On the other hand, the defendant’s incarceration pending such action, in terms of mandatory release, is governed by CPL 170.70 and, where the accusatory instrument is an information, by CPL 30.30 (2) (b). CPL 30.30 (2) (b) requires that a defendant must be released from custody if the People are not ready for trial within 30 days after arraignment on a class A misdemeanor subject to time which is excludable pursuant to CPL 30.30 (4). The People cannot assert a readiness to proceed to trial on the misdemeanor information while CPL 170.20 (2) notice is pending and, therefore, CPL 30.30 (2) (b) requires defendant’s release 30 days after arraignment.
Defendant asserts that a 30-day period of incarceration before the defendant is entitled to mandatory release in situations as those presented here unfairly permits a greater period of preindictment incarceration than permitted had the People originally charged him with the felony. Such is not the case. The People need not present a felony case to the Grand Jury to render the mandatory release requirement of CPL 180.80 inapplicable. Rather, to do so, they need only present sufficient evidence to the court at a hearing to have the court hold the defendant for the action of the Grand Jury. (See, CPL 180.80, 180.70.) Should the defendant be held for the action of the Grand Jury after such a hearing, defendant is not entitled to mandatory release in the absence of Grand Jury action until 45 days after arraignment. (See, CPL 190.80.)
Therefore, in the case of both the filing of a misdemeanor information which a court has found to be legally sufficient on which the People have served CPL 170.20 notice and a felony complaint which has been held for the action of the Grand Jury after a hearing the defendant is not able to plead to the *506 charge pending and cannot waive motions and proceed to trial. Nevertheless, in both cases, the Legislature, by its statutory scheme, has deemed the judicial review of the sufficiency of the charges to be sufficient to warrant the defendant being held in custody for a further period pending a Grand Jury’s action. In People v Anderson (45 AD2d 561, 563-564, supra), the court held that the failure of the statute to provide the same procedural rights to defendants charged with misdemeanors in whose cases CPL 170.20 (2) notice has been served as those provided to defendants charged in felony complaints does not violate a defendant’s constitutional rights.
In conclusion, this court holds that the period of the adjournment which must be granted where the People serve notice of their intention to present the charge in a prosecution based on a misdemeanor accusatory instrument to a Grand Jury should be determined, as required by CPL 170.20 (2), by a standard of reasonableness based on the nature of the charge and the availability of the People’s evidence. The period of incarceration before which the defendant must be released, on the other hand, is governed by CPL 170.70 and 30.30 (2). In this case, in view of the People’s good-faith assertion that they do intend to present the case to a Grand Jury and the unavailability of one of their police witnesses, the court will permit the People at least until November 8 to do so. On that date the court will determine whether to grant a further adjournment for Grand Jury action. However, should the case not have been presented by November 8, which is 30 days after defendant’s arraignment, he must be released pursuant to CPL 30.30 (2) (b) even if a further adjournment for Grand Jury action is granted.