ANDREW JOHNSON V. THE STATE.

No. 24000. Delivered April 7, 1948.

No attorney of record on appeal for appellant.

*Alfred M. Clyde,* Criminal District Attorney, and *J. Elwood Winters* and *W. E. Myres,* Assistant Criminal District Attorneys, all of Fort Worth, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft from the person. The punishment assessed is confinement in the state penitentiary for a term of three years.

The record is before us without any bills of exception or any objections to the court's charge. The only question presented for review is the sufficiency of the evidence to sustain his conviction.

The record reflects that on the day in question Billy Jo Steward, accompanied by her two sisters, and Mrs. Allen and her daughter, came to the City of Fort Worth to do some shopping. They parked their car on East First Street and locked the doors. At about 1:30 P. M. they started to go home. Mildred Steward, who was driving the car, undertook to unlock the car while Billy Jo was standing nearby with her purse under her arm when suddenly a negro man came up behind her, snatched the purse from under her arm and ran. She pursued him for a distance of two blocks when she lost sight of him. In his flight

he lost his hat which Mrs. Allen picked up and later delivered to the officers who had been summoned. C. C. Eagle, a policeman, testified that he and his partner were on East Eighth Street when they received a radio call advising them of the occurrence. They immediately proceeded to the place indicated but before they arrived at the scene of the theft they saw a bareheaded negro running up the street. They pursued him to the home of his aunt where they arrested him. Appellant's aunt told the officers that she saw a man running down an alley and saw him throw something away. The officers went to the place indicated and made a search but found nothing. They returned to the home of appellant's aunt who then went to the place where she claimed she saw the fleeing man throw something away and claimed that she found the stolen purse and some of its contents.

Appellant was identified by Billy Jo Steward and her sister as the person who stole the purse.

Appellant's defense was an alibi which he supported by his own testimony and that of his aunt and another party. It will thus be noted that an issue of fact was raised which the jury decided adversely to him. The credibility of the witnesses and the weight to be given to their testimony is a matter exclusively within the province of the jury.

From what we have said it follows that the judgment of the trial court should be affirmed and it is so ordered.

Opinion approved by the Court.