STATE OF DELAWARE v. JAMES EDWARD DURRANT.

(*February* 18, 1963.)

SOUTHERLAND, C. J., WOLCOTT and TERRY, J. J., sitting.

*Charles L. Paruszewski*, Deputy Attorney-General, for the State.

*James J. Walsh* for the Defendant.

Supreme Court of the State of Delaware, No. 50, 1962.

TERRY, J.:

Defendant, James Edward Durrant, was taken into custody by a trooper of the Delaware State Police for driving a motor vehicle upon a public highway of this State while under the influence of intoxicating liquor in violation of Section 4111(a) of Title 21 of the *Delaware Code*. He was requested to submit to certain physical reaction tests, but refused. The defendant was taken to the State Police Barracks where the arresting trooper requested him to take an intoximeter test. He likewise refused to submit to this examination.

At trial the arresting Trooper and a Civil Defense Officer were, over objection, permitted to testify that the defendant refused to submit to the above-mentioned tests. These witnesses were also permitted to give their opinions as to the defendant's fitness and capability to operate a motor vehicle on the highway, testifying that in their opinion the defendant was under the influence of intoxicating liquor—based on their observation of him.

Following this testimony the Court instructed the jury to disregard any references to the refusals of the defendant to submit to the so-called sobriety tests. The jury was further advised that no inferences or conclusions were to be drawn from the testimony relating to the defendant's refusal to take the tests.

The jury returned a verdict of guilty and defendant entered a motion for a judgment of acquittal, or, in the alternative, for a new trial.

The following questions have been certified to this Court by the Superior Court of New Castle County:

1. In the trial of a person accused of violating 21 *Del. C.*, Sec. 4111(a), should the Trial Court receive in evidence testimony by the investigating police officers that the accused refused to take sobriety tests, including the so-called intoximeter tests?

2. In a prosecution for operating a motor vehicle under the influence of intoxicating liquor, is evidence of defendant's refusal to take a physical reaction test and an intoximeter test at a time when he is not under arrest admissible under the due process clause of the State Constitution?

3. In the trial of a person accused of violating 21 *Del. C.*, Sec. 4111(a), should the Trial Court admit in evidence opinion testimony of the investigating police officer, as an expert, as to whether the accused was under the influence of intoxicating liquor, and therefore, unfit to operate a motor vehicle, after the officer has testified as to facts observed by him on which he bases the opinion?

We have accepted certification.

Article 1, Section 7 of the Delaware Constitution, *Del. C.*, recites in part:

"In all criminal prosecutions, the accused * * * shall not be compelled to give evidence against himself * * *."

The problem presented under the first two questions concerns the import to be given to the phrase, "the accused * * * shall not be compelled to give evidence against himself," as the same appears under the constitutional provision, *supra.*

The questions certified for our consideration have not heretofore been accorded a determination by this Court. We recognize that other jurisdictions, when faced with similar questions, have been far from uniform in thought in respect to the proper interpretation to be given to this privilege in whatever terms expressed.

The thought on one side, as indicated by the cases, is that the privilege against compulsory self-incrimination pertains only to testimonial compulsions, or their equivalent.

The contrary thought is to the effect that the privilege

extends beyond testimonial compulsions or their equivalent, and encompasses compulsory demonstrations by acts or conduct which tend to incriminate and which are said to be as obnoxious to the immunity granted as by words from the lips of the accused.

Necessity does not require an anlysis of the many decisions. It should suffice to say that the background of the law in the different jurisdictions provides in large part the basis for the divergence of thought that exists.

While not cited by either party on briefs, a guide for the determination of Questions (1) and (2) is set forth in the case of *State v. Smith*, 8 Terry 334, 91 A. 2d 188 (Super. Ct. Del. 1952). In that case the Court stated:

"The essence (of this privilege) is the freedom from testimonial compulsion, and the sole effect of its protection is to prohibit the employment of legal process to extract from the person's own lips an admission of his guilt, which will thus take the place of other evidence. Since testimonial compulsion and not compulsion alone is the component idea of that privilege, compulsory examinations of accused persons beyond the field of oral examinations, or the equivalent thereof, either before or upon their trial do not violate the privilege, for the simple reason that such examinations do not call upon the accused persons as witnesses; that is, upon their testimonial responsibility."

The mere fact that evidence offered against an accused might be said to be prejudicial in the sense that it tends to incriminate him is no reason for its rejection in a criminal prosecution. Thus, subject to well-defined rules of evidence, it is proper in a criminal case to show defendant's conduct, demeanor, and statements, whether oral or written, his attitude and relations toward the crime, if there was one. These are circumstances that may be shown. Their weight is for the jury to determine. The fact that defendant declined

to submit to a sobriety test is such a circumstance which a jury may consider.

■ We are of the opinion that the provisions relating to privilege against self-incrimination under the provisions of Article 1, Section 7 of the Delaware Constitution, *supra*, embrace only a prohibition by compulsory oral examination, or the equivalent thereof, of an accused person either before or upon trial. It protects him from being required to incriminate himself by speech, or the equivalent of speech, such as written statements or confessions made by the accused, or actions which the accused might use in place of words for the purpose of intending to communicate an idea, and in this respect dactylology is a good example. *Johnson v. State*, 151 Tex. Cr. R. 619, 209 S. W. 2d 927; *State v. Munroe*, 22 Conn. Sup. 321, 171 A. 2d 419; *State v. Bock*, Idaho, 328 P. 2d 1065; *Owens v. Commonwealth*, 186 Va. 689, 43 S. E. 2d 895.

■ We conclude that Questions (1) and (2) must be answered in the affirmative. We note, however, that the Trial Court has referred to the due process clause of the Delaware Constitution in the second certified question. That is evidently a misnomer by the Court, and the question is construed by us to refer to Article 1, Section 7 of the Delaware Constitution, *supra*.

We next turn to the third certified question. The record reveals that a State Trooper and a Civil Defense Officer on patrol observed the defendant driving an automobile upon a public highway in this State. They testified in substance that in following the defendant he (the defendant) crossed the center line of the highway nine times within one-and-one-half miles. They stopped him and asked him to get out of his car, which he did. In doing so he lost his balance and fell against his automobile; that his eyes were watery and blood shot; that he swayed when he walked; that he stepped sideways when he turned, and that there was an odor of alcohol on his

breath. Based upon the foregoing facts they further testified that from his conduct and their observation of him they were of the opinion that he was under the influence of alcohol to such an extent that he was unfit to operate an automobile upon the public highways of this State.

We believe that the sobriety of a person or his degree of intoxication can be determined by the direct answers of those who have seen him, and that they may express their opinion in relation thereto, as intoxication may fairly be considered in the realm of common knowledge.

A witness in a case such as this may state whether a certain person is under the influence of intoxicating liquor or had that appearance at a given time. The witness in effect describes the facts, and then gives his opinion of the person whom he has observed at a particular time. The indications of intoxication are commonly known. Witnesses, whether called as experts or not, may testify in this regard and their opinions in this respect should be admitted in evidence. See *Wigmore On Evidence*, 3rd Ed. Secs. 571, 660.

We think the testimony of the officers does not rise to the dignity of expert testimony; rather, we feel such testimony should be classified as falling within the general knowledge of persons regardless of whether they are experts or not, and in this sense the case of *Robelen Piano Co., v. DiFonzo*, 3 Storey 346, 514, 169 A. 2d 240, is distinguishable.

The third certified question, therefore, is answered in the affirmative.