# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1210019908 |
| | ) | |
| ERIC HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: September 28, 2016
Decided: December 15, 2016

## MEMORANDUM OPINION

*Upon Defendant's Motion for Postconviction Relief*
**DENIED**

*Upon Rule 61 Counsel's Motion to Withdraw as Counsel*
**GRANTED**

Eric Holmes, Defendant.

Patrick J. Collins, Esq., Collins & Associates, Wilmington, DE, Attorney for Defendant.

Brian J. Robertson, Esq., Deputy Attorney General, Department of Justice, Wilmington, DE, Attorney for the State of Delaware.

**ROCANELLI, J.**

## I.  PROCEDURAL BACKGROUND

On October 27, 2012, Defendant Eric Holmes ("Defendant") was an occupant of a vehicle that was stopped by Wilmington Police on the 800 block of North Spruce Street. A reliable confidential informant had advised Wilmington Police that a firearm was inside the vehicle. Upon arrival, police discovered that the vehicle was occupied by Defendant, co-defendant Oliver Smith, Latisha Powell, and Deoddrick Purnell. Police asked all occupants to exit the vehicle. The occupants complied and were placed in custody.

Police discovered a black Ruger "single six" .22 revolver in Defendant's waistband, which was loaded with five .22 caliber Remington rounds. Police also discovered one clear bag containing six Endocet pills and eight Alprazolam (Xanax) pills in Defendant's left leg pant pocket. A black Intratec 9mm Luger Tec 9 was discovered in co-defendant Smith's waistband. Co-defendant Smith's firearm was loaded with thirty 9 mm Luger rounds, including one round in the chamber. Occupants Powell and Purnell were questioned and released.

Defendant and co-defendant Smith were placed under arrest. At the time of Defendant's arrest, he was being supervised on federal probation. On January 22, 2013, a Grand Jury indicted Defendant with charges of Possession of a Firearm by

1

a Person Prohibited ("PFBPP"), Carrying a Concealed Deadly Weapon ("CCDW"), and Possession of a Controlled Substance.[1]

Timothy Weiler, Esquire ("Trial Counsel") was appointed to represent Defendant. Trial Counsel represented Defendant during Defendant's pretrial proceedings and jury trial. The record of this case is replete with Defendant's expressed dissatisfaction with Trial Counsel's representation, including derogatory remarks in written correspondence and on the record in open court.

In addition to Defendant's custody status at the time of his arrest, Defendant had three prior felony convictions. In consideration of Defendant's criminal history, prior to trial the State offered Defendant a plea to 16 years at Level V. The plea offer contemplated that Defendant would agree that Defendant's prior convictions made Defendant eligible for habitual offender status.[2] Defendant rejected the State's plea offer and elected to proceed to trial.[3]

A jury trial took place on July 18 and 19, 2013. At the conclusion of the State's case-in-chief, Defendant made a motion for judgment of acquittal. Upon

---

[1] On July 18, 2013, the State entered a *nolle prosequi* as to Possession of a Controlled Substance.

[2] 11 *Del. C.* § 4214(a).

[3] The record indicates that Defendant declined the State's offer, in part, because Defendant did not believe that he was eligible for habitual offender status. *State v. Holmes*, I.D. No. 1210019908, at 9:18–12:17 (Del. Super. June 11, 2013) (TRANSCRIPT); *State v. Holmes*, I.D. No. 1210019908, at 21:1–28:1 (Del. Super. July 18, 2013) (TRANSCRIPT). Despite considerable efforts to inform Defendant that he was mistaken, Defendant refused to accept that his federal felony conviction would be considered for Defendant's status as an habitual offender. *Id.*

2

consideration of the parties' arguments and the evidenced presented by the State, the Court denied Defendant's motion. Trial Counsel presented a defense theory that Defendant was under the influence of prescription medication at the time of Defendant's arrest, and that co-defendant Smith placed the firearm in Defendant's waistband without Defendant's knowledge. Co-defendant Smith testified at trial in support of Defendant's theory of the case. Trial Counsel argued that Defendant did not act with the state of mind required for conviction.

Following the two-day trial, the jury found Defendant guilty of PFBPP and acquitted Defendant of CCDW. Bail was revoked and a presentence investigation was ordered. On August 16, 2013, the State filed a Motion to Declare Defendant an Habitual Offender.

On October 9, 2013, Defendant submitted a letter to the Court challenging Defendant's conviction and expressing Defendant's continued dissatisfaction with Trial Counsel's representation. Although Trial Counsel represented Defendant at the time Defendant submitted the October 9 letter,[4] the Court accepted the letter as a procedurally proper Motion for Judgment of Acquittal filed by a self-represented

---

[4] *See* Super. Ct. Crim. R. 47 ("The court will not consider pro se applications by defendants who are represented by counsel unless the defendant has been granted permission to participate with counsel in the defense.").

litigant.[5] On October 29, 2013, Defendant filed a motion for appointment of new counsel.

On November 1, 2013, Defendant appeared for sentencing. The Court attempted to address the merits of Defendant's pending motions but was unable to consider Defendant's contentions on the merits because Defendant used profane language and acted in a disrespectful manner.[6] After warning Defendant several times, the Court held Defendant in contempt and continued Defendant's sentencing hearing. By Order dated November 1, 2013, the Court sentenced Defendant to 70 days at Level V for Criminal Contempt ("Contempt Order"). On November 13, 2013, Defendant filed an appeal of the Contempt Order with the Delaware Supreme Court.

On November 14, 2013, Defendant submitted an apology to the Court for Defendant's conduct during the November 1, 2013 hearing. The same day, Defendant filed a Motion for Reargument, Appointment of Conflict Counsel, Acquittal, New Trial, and Taking of New Evidence as a self-represent litigant. By Order dated November 14, 2013, the Court denied Defendant's Motion. On November 20, 2013, Defendant filed a renewed motion for appointment of counsel as a self-represented litigant.

---

[5] Super. Ct. Crim. R. 29.
[6] *See State v. Holmes*, I.D. No. 1210019908, at 5:9–9:12 (Del. Super. Nov. 1, 2013) (TRANSCRIPT).

4

On March 31, 2014, the Court held an office conference with the State and Trial Counsel to address the pending matters in Defendant's case. By Order dated April 4, 2014, the Court scheduled a hearing for sentencing and to address the pending post-trial motions. The Court also denied the State's request to play a YouTube "anti-snitch" video during sentencing.[7]

On April 8, 2014, Defendant filed a notice of voluntary dismissal for Defendant's appeal of the Contempt Order. Shortly thereafter, the Court vacated the Contempt Order.

On May 16, 2014, the Court held a hearing to address Defendant's pending post-trial motions and sentencing. Trial Counsel presented Defendant's Motion for Judgment of Acquittal on Defendant's behalf. Upon consideration of the parties' arguments, the Court denied Defendant's Motion for Judgment of Acquittal and granted the State's Motion to Declare Defendant an Habitual Offender pursuant to 11 *Del. C.* § 4214(a).

With respect to sentencing, the State requested that the Court impose 20 years at Level V and Defendant requested the minimum-mandatory sentence of 8 years. The Court noted that Defendant had only been released from federal prison for eight months at the time he committed the offense for which he was convicted by the jury. Also, Defendant had a significant criminal history. By Order dated

---

[7] According to the State, the "anti-snitch" video featured Defendant. The Court did not consider the video or the State's contentions with respect to the video.

5

May 16, 2014, effective March 7, 2013, the Court sentenced Defendant to 16 years at Level V with credit for 7 days previously served followed by 6 months at Level IV DOC discretion, followed by 6 months at Level III.

On May 21, 2014, Defendant filed an appeal of Defendant's conviction with the Delaware Supreme Court. Santino Ceccotti, Esquire ("Appellate Counsel") was appointed to represent Defendant on appeal. By Order dated January 29, 2015, the Delaware Supreme Court affirmed Defendant's conviction, finding that "the State offered sufficient evidence so that a rational trier of fact, viewing the evidence in the light most favorable to the State, could have found that [Defendant] knowingly possessed a firearm in violation of 11 *Del. C.* § 1448 beyond a reasonable doubt."[8]

On February 24, 2015, Defendant filed a Motion for Reduction of Sentence as a self-represented litigant. By Order dated March 4, 2015, the Court denied Defendant's Motion.

On February 27, 2015, Defendant filed a Motion for Appointment of Postconviction Counsel as a self-represented litigant. By Order dated March 12, 2015, the Court granted Defendant's Motion for Appointment of Postconviction Counsel. Patrick Collins, Esquire ("Rule 61 Counsel") was appointed to represent Defendant for Defendant's postconviction proceedings.

---

[8] *Holmes v. State*, 2015 WL 428071, at *1 (Del. Jan. 29, 2015).

On October 20, 2015, Rule 61 Counsel filed a Motion for Postconviction Relief on Defendant's behalf ("PCR Motion"). On January 27, 2016, Rule 61 Counsel filed a Motion to Withdraw as Counsel. This is the Court's decision regarding Defendant's PCR Motion and Rule 61 Counsel's Motion to Withdraw as Counsel.

## II. CONSIDERATION OF PROCEDURAL BARS

Defendant filed the PCR Motion on October 20, 2015. Accordingly, the June 2015 version of Superior Court Criminal Rule 61 ("Rule 61") applies.[9] Postconviction relief is a "collateral remedy which provides an avenue for upsetting judgments that have otherwise become final."[10] To protect the finality of criminal convictions, the Court must consider the procedural requirements for relief set out under Rule 61(i) before addressing the merits of the motion.[11]

Rule 61(i)(1) bars a motion for postconviction relief if the motion is filed more than one year from the final judgment of conviction.[12] This bar is inapplicable as Defendant's PCR Motion is timely. Rule 61(i)(2) bars successive motions for postconviction relief.[13] This bar is inapplicable as this is Defendant's

---

[9] *See Washington v. State*, 2014 WL 4243590, at *2 (Del. Aug. 26, 2014) (applying the version of Rule 61 in effect when defendant filed his original postconviction motion).

[10] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).

[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[12] Super. Ct. Crim. R. 61(i)(1).

[13] Super. Ct. Crim. R. 61(i)(2).

first postconviction motion. Rule 61(i)(3) bars relief if the postconviction motion includes claims that were not asserted in prior proceedings leading to the final judgment, unless the movant shows cause for relief from the procedural bars and prejudice from a violation of the movant's rights.[14] Moreover, Rule 61(i)(4) bars relief if the postconviction motion includes grounds for relief formerly adjudicated in any proceeding leading to the judgment of conviction, in an appeal, or in a postconviction proceeding.[15] Rules 61(i)(3) and 61(i)(4) are inapplicable because Defendant's claims for ineffective assistance of counsel could not have been raised on direct appeal.[16]

The procedural requirements of Rule 61(i) are satisfied. Accordingly, the Court will address Defendant's PCR Motion on the merits.

## III. STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant alleges that Trial Counsel and Appellate Counsel provided ineffective assistance of counsel. The standard used to evaluate claims of

---

[14] Super. Ct. Crim. R. 61(i)(3).

[15] Super. Ct. Crim. R. 61(i)(4).

[16] *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").

ineffective counsel is the two-prong test articulated by the United States Supreme Court in *Strickland v. Washington*,[17] as adopted in Delaware.[18]

Under *Strickland*, the movant must show that (1) trial counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for trial counsel's unprofessional errors, the result of the proceeding would have been different.[19] Failure to prove either prong will render the claim insufficient.[20] The Court shall dismiss entirely conclusory allegations of ineffective assistance.[21] The movant must provide concrete allegations of prejudice, including specifying the nature of the prejudice and the adverse affects actually suffered.[22]

With respect to the first prong—the performance prong—the movant must overcome the strong presumption that counsel's conduct was professionally reasonable.[23] To satisfy the performance prong, Defendant must assert specific allegations to establish that Trial Counsel and Appellate Counsel acted

---

[17] 466 U.S. 668 (1984).

[18] *Albury v. State*, 551 A.2d 53 (Del. 1988).

[19] *Strickland*, 466 U.S. at 687.

[20] *Id.* at 688; *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).

[21] *Younger*, 580 A.2d at 555; *Jordan v. State*, 1994 WL 466142, at *1 (Del. Aug. 25, 1994).

[22] *Strickland*, 466 U.S. at 692; *Dawson*, 673 A.2d at 1196.

[23] *Strickland*, 466 U.S. at 687–88.

unreasonably as viewed against "prevailing professional norms."[24] With respect to the second prong—the prejudice prong—Defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[25] Cumulative error can satisfy the prejudice prong when it undermines confidence in the verdict.[26]

## IV. TRIAL COUNSEL MET THE STANDARDS FOR EFFECTIVE ASSISTANCE OF COUNSEL

The PCR Motion raises eight grounds in support of the claim that Trial Counsel provided ineffective assistance of counsel. Defendant argues that Trial Counsel provided ineffective assistance by (1) failing to file a pretrial motion to compel the State to disclose the identity of the informant involved in Defendant's arrest; (2) failing to obtain an expert witness to testify in support of Defendant's intoxication defense; (3) failing to withdraw as counsel in a timely fashion; (4) failing to prepare and renew Defendant's Motion for Judgment of Acquittal; (5) failing to object to the State's use of the phrase "traffic stop" during trial; (6) failing to file a motion to sever Defendant's PFBBP charge from Defendant's CCDW charge; (7) failing to inform Defendant of the correct plea agreement; and

---

[24] *Id.* at 688; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996) ("Mere allegations of ineffectiveness will not suffice.").

[25] *Ploof v. State*, 75 A.3d 811, 821 (Del. 2013) (quoting *Strickland*, 466 U.S. at 694).

[26] *See Starling v. State*, 2015 WL 8758197, at *14–15 (Del. Dec. 14, 2015).

10

(8) allowing the State to present false information in Defendant's presentence investigation report.

As discussed below, these claims fail. Trial counsel's performance was reasonable and Defendant did not suffer prejudice. Trial Counsel met the standard for effective representation of Defendant.

### A. No Pretrial Motion Regarding Confidential Informant

Defendant asserts that Trial Counsel provided ineffective assistance of counsel by failing to file a pretrial motion to disclose the identity of the informant involved in Defendant's October 27, 2012 arrest. Defendant claims that the informant provided an unreliable report, and that the informant's identity would have benefitted Defendant at trial. Specifically, Defendant argues that the informant's identity would have allowed Defendant to challenge the stop that led to Defendant's arrest. Furthermore, Defendant asserts that the informant may have provided eyewitness testimony to support Defendant's intoxication defense.

Trial Counsel's decision not to file this motion was objectively reasonable. By letter dated April 30, 2013, Trial Counsel informed Defendant that Trial Counsel had researched the validity of Defendant's car stop and found no meritorious grounds to file a suppression motion.[27] Trial Counsel forwarded case

---

[27] Letter from Trial Counsel to Def., *State v. Holmes*, I.D. No. 1210019908 (Del. Super. Apr. 30, 2013).

11

law to Defendant that supported this conclusion.[28] The record does not suggest that Trial Counsel overlooked viable arguments to challenge Defendant's arrest or that Trial Counsel's analysis of this issue fell below "prevailing professional norms."[29] *Strickland* does not require Trial Counsel to file motions that are frivolous under Trial Counsel's professional judgment.[30]

Moreover, there is no reasonable probability that Trial Counsel's failure to file this motion impacted the outcome of Defendant's trial. Both parties offered eyewitness testimony regarding Defendant's mental and physical state at the time of Defendant's arrest. Defendant does not establish that the informant's testimony on this issue would have been more probative, or that the testimony would have materially aided Defendant's intoxication defense. The allegations of prejudice related to this claim are speculative and insufficient to satisfy the *Strickland* standard.

### B.     No Expert Witness for Intoxication Defense

Defendant alleges that Trial Counsel provided ineffective assistance of counsel by failing to hire an expert witness to support Defendant's intoxication defense. Defendant argues that an expert may have offered scientific testimony regarding the relationship of Defendant's intoxication to Defendant's state of mind

---

[28] *Id.*

[29] *Strickland*, 466 U.S. at 688.

[30] *State v. McGlotten*, 2011 WL 987534, at *5 (Del. Super. Mar. 21, 2011), *aff'd*, 26 A.3d 214 (Del. 2011).

at the time of arrest. Defendant argues that this testimony would "look more credible in the jury's eyes" and could have "affected the outcome of the verdict itself."[31]

Trial Counsel's decision not to hire an expert was not ineffective assistance of counsel. An attorney may make certain strategic choices when presenting a client's case,[32] so long as the choice is "well within the range of professionally reasonable judgments . . . ."[33] For example, deciding which witnesses to call, if any, is a permissible strategic choice.[34] A reasonable attorney may have decided that Defendant's case did not warrant expert testimony or that introducing expert testimony would be counter-productive and harm Defendant at trial. Furthermore, both the State and Defendant relied on opinion testimony from lay witnesses to support or discredit Defendant's intoxication defense. Lay witnesses may provide opinion testimony regarding an individual's intoxication or impairment if the testimony is based upon personal knowledge.[35]

---

[31] PCR Motion at 1.

[32] *Strickland*, 466 U.S. at 690–91.

[33] *Id.* at 699

[34] *Cooke v. State*, 977 A.2d 803, 840–41 (Del. 2009) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 93 (1977)).

[35] Delaware Rule of Evidence 701 permits lay testimony in the form of opinion if the testimony is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue and (c) not based on scientific, technical or other specialized knowledge within the scope of rule 702." D.R.E. 701. Rule 701 "permits a lay witness to testify about his own impressions when they are based on personal

The *Strickland* analysis presumes that Trial Counsel engaged in objectively reasonable strategic decision-making.[36] The Court finds that the decision by Trial Counsel not to hire an expert witness was reasonable and did not have a negative impact on Defendant's interests at trial.[37]

## C. Remaining as Trial Counsel

Defendant alleges that Trial Counsel provided ineffective assistance of counsel by failing to seek Court permission to withdraw as counsel in a timely manner. Defendant asserts that Defendant's consistent dissatisfaction with Trial Counsel created a disincentive for Trial Counsel to advocate on Defendant's behalf. Defendant argues that Trial Counsel had an inherent conflict of interest that made it impossible for Trial Counsel to provide effective representation.

A defendant's right to court-appointed counsel it is not an absolute right to the defendant's counsel of choice.[38] For example, a defendant does not have the right to an attorney who never disagrees on trial strategy.[39] Although counsel has a

---

observation." *Cooke v. State*, 97 A.3d 513, 547 (Del. 2014) (quoting *Washington v. State*, 2008 WL 697591, at *2 (Del. Mar. 17, 2008)). *See also Wagner v. Shanks*, 194 A.2d 701, 706 (Del. 1963) (citing *State v. Durant*, 188 A.2d 526 (Del. 1963)) ("[I]t is not error for a witness to express an opinion upon facts testified to when all men are qualified to form an opinion upon them, e.g., drunkenness.").

[36] *Strickland*, 466 U.S. at 687–88.

[37] *See Andrus v. State*, 2004 WL 691922, at *3 (Del. Mar. 12, 2004).

[38] *Bultron v. State*, 897 A.2d 758, 762 (Del. 2006) (citing *Lewis v. State*, 757 A.2d 709, 713 (Del. 2000)).

[39] *Zimmerman v. State*, 2010 WL 546971, at *2 (Del. Feb. 12, 2010) (citing *Bultron*, 897 A.2d at 763).

duty to zealously represent his client's interest, consent is not required for every tactical decision.[40] Moreover, counsel is obligated to act "within the bounds set forth under the rules of ethics" at all times during representation.[41]

This Court is satisfied that Defendant's conduct did not compromise Trial Counsel's ability to effectively advocate on Defendant's behalf.[42] The record reflects that Trial Counsel consulted with Defendant in order to present an appropriate and well-considered defense consistent with Defendant's preference for a trial strategy of impairment. Trial Counsel struck the appropriate balance between providing significant leeway for Defendant to steer the course of trial and deferring to Defendant where the Delaware Rules of Professional Conduct allowed Trial Counsel to do so. In consideration of Defendant's case and the evidence presented by the State, Trial Counsel obtained a favorable verdict on Defendant's behalf.

---

[40] *Zimmerman*, 2010 WL 546971, at *2.

[41] *Id.* a *2 (citing *In re Abbott*, 925 A.2d 482, 487–88 (Del. 2007)).

[42] *See, e.g., State v. Holmes*, I.D. No. 1210019908, at 3:5–3:14 (Del. Super. Mar. 31, 2014) (TRANSCRIPT) ("MR. WEILER: My position is that I don't have any problems about representing Mr. Holmes, even though he's been somewhat verbally abusive . . . I don't bear him any ill will. I think he got a good result from the trial."); *State v. Holmes*, I.D. No. 1210019908, at 4:23–5:5 (Del. Super. July 19, 2014) (TRANSCRIPT) ("MR. WEILER: . . . I felt that, on one hand I think Mr. Holmes is just agitated, and hot tempered, and blurts things out. So I'm not – I don't think my ability to represent him is compromised, and I'm willing to go forward. I've had clients say things to me before. I've been doing this a lot of years.").

The jury's verdict does not indicate that Trial Counsel performed deficiently. To the contrary, Trial Counsel achieved a good result for Defendant. The State presented sufficient evidence at trial to sustain Defendant's conviction.[43] There is no reasonable probability that another attorney would have achieved a more favorable result.[44]

### D.    Motion for Judgment of Acquittal

Defendant asserts that Trial Counsel provided ineffective assistance of counsel by failing to renew and prepare a motion for judgment of acquittal. Defendant argues that the Court may have granted a motion for judgment of acquittal if Trial Counsel had agreed to prepare it.

This is an incorrect assessment of the proceedings. Trial Counsel did not unreasonably refuse to prepare Defendant's Motion for Judgment of Acquittal. By letter dated July 23, 2013, Trial Counsel informed Defendant that, according to Trial Counsel's research and consistent with Trial Counsel's exercise of professional judgment, a motion for judgment of acquittal would be unsuccessful.[45] Trial Counsel informed Defendant that such a motion was unsupported by law, and that Trial Counsel's colleagues specializing in criminal appeals supported this

---

[43] *Holmes v. State*, 2015 WL 428071, at *1.

[44] *See Bultron*, 897 A.2d at 763 ("Absent good cause for dismissing court-appointed counsel, a defendant has two options: to proceed with court-appointed counsel or to proceed *pro se*.").

[45] Letter from Trial Counsel to Def., *State v. Holmes*, I.D. No. 1210019908 (Del. Super. July 23, 2013).

conclusion.[46] *Strickland* does not require Trial Counsel to file motions that have no basis in law and no factual support.[47]

Moreover, the fact that Trial Counsel did not renew the motion for judgment of acquittal at the close of the evidence did not have any impact on the outcome of Defendant's proceedings. The Court did not base its May 16, 2014 ruling denying Defendant's Motion for Judgment of Acquittal on procedural grounds. In other words, the timing of the motion's presentation was not significant. Rather, the Court considered Defendant's arguments on the merits and determined that a renewed motion at the close of the evidence would have been denied under Rule 29.[48] Failing to make a motion for judgment of acquittal that would have been unsuccessful under the circumstances does not constitute ineffective assistance of counsel.[49]

---

[46] *Id.*

[47] *McGlotten*, 2011 WL 987534, at *5.

[48] Super. Ct. Crim. R. 29. *State v. Holmes*, I.D. No. 1210019908, at 20:15–23:9 (Del. Super. May 16, 2014) (TRANSCRIPT).

[49] *Pierce v. State*, 2009 WL 189150, at *2 (Del. Jan. 16, 2009). *See also State v. Nichols*, 2004 WL 3038024, at *4 (Del. Super. Dec. 27, 2004) (denying defendant's claim of ineffective assistance of counsel for failure to file a motion for judgment of acquittal because the Supreme Court had already found that there was sufficient evidence to support a conviction).

17

**E. Remaining Claims against Trial Counsel are Conclusory and Unsubstantiated**

Defendant argues that Trial Counsel provided ineffective assistance of counsel by failing to object to the State's use of the phrase "traffic stop" during trial. Trial Counsel did not deviate from professional norms by failing to object to this phrase, and the failure to object did not impact the outcome of Defendant's trial. This claim is speculative and unsupported by the record.

The allegation that Trial Counsel provided ineffective assistance of counsel by failing to sever Defendant's PFBPP charge from Defendant's CCDW charge is similarly unsubstantiated. Trial Counsel's decision to refrain from severing Defendant's charges did not create confusion or prejudice on the part of the jury. The record reflects that Trial Counsel took a well-reasoned and strategic approach to Defendant's status as a prohibited person during trial. Furthermore, the Court made considerable efforts to ensure that Defendant understood Trial Counsel's approach to Defendant's prohibited status and the State's burden to prove every element of the charged offenses beyond a reasonable doubt.[50] This claim is speculative and unsupported by the record.

---

[50] *State v. Holmes*, I.D. No. 1210019908, at 5:3–17:3 (Del. Super. July 18, 2013) (TRANSCRIPT); *Id.* at 38:15–40:8; *State v. Holmes*, I.D. No. 1210019908, at 72:14–74:11 (Del. Super. July 19, 2013) (TRANSCRIPT). *See also State v. Holmes*, I.D. No. 1210019908, at 6:16 – 7:6 (Del. Super. Nov. 1, 2013) (providing the Court's perspective of Trial Counsel's approach to Defendant's status as a prohibited person).

18

Defendant argues that Trial Counsel provided ineffective assistance of counsel by failing to communicate the correct plea offer to Defendant prior to Defendant's final case review. However, the record shows that the State, Trial Counsel, and the Court made significant efforts to ensure that Defendant understood the State's proposed plea. The Court engaged Defendant in multiple colloquies and provided numerous opportunities for Defendant to confer with Trial Counsel prior to rejecting the offer.[51] The record reflects that Defendant knowingly, intelligently, and voluntarily elected to proceed to trial with a full understanding of the potential consequences stemming from a guilty verdict. This claim is factually inconsistent with the record.

Finally, Defendant argues that Trial Counsel provided ineffective assistance of counsel by allowing the State to present false information in Defendant's presentence investigation report ("PSI"), which caused the Court to impose a harsher sentence. Defendant's claim is not supported by the record. Moreover, no false information was included as the Court's stated basis for its May 16, 2014 Sentencing Order. The Court noted as significant Defendant's lack of amenability to community-based supervision, his history of violence in the community, and his status as an habitual offender. The Court also noted that Defendant was subject to

---

[51] *State v. Holmes*, I.D. No. 1210019908, at 9:17–12:17 (Del. Super. June 11, 2013) (TRANSCRIPT); *State v. Holmes*, I.D. No. 1210019908, at 21:1–34:15 (Del. Super. July 18, 2013) (TRANSCRIPT).

supervised release on a federal conviction at the time of his arrest, and was released from prison only eight months before. Defendant's claim that Defendant's PSI contained false information or that the alleged false information impacted the Court's sentencing decision is speculative and does not satisfy the *Strickland* standard.

All of Defendant's claims against Trial Counsel are not supported by the record or by the law. Trial Counsel provided effective assistance under a *Strickland* analysis. Defendant is not entitled to postconviction relief.

## V. THE CLAIMS AGAINST APPELLATE COUNSEL ARE SUMMARILY DISMISSED

In support of the claim that Appellate Counsel provided ineffective assistance of counsel, Defendant argues that Appellate Counsel (1) failed to disclose a conflict of interest; (2) failed to argue that the Court abused its discretion by denying Defendant's applications for a new attorney; (3) failed to support Defendant's Appeal with decisional precedent; (4) failed to file a reply brief; (5) failed to challenge the Court's May 16, 2014 Bench Ruling regarding Defendant's post-trial Motions; (6) failed to challenge certain evidentiary rulings; and (7) failed to file a motion for reargument after the Delaware Supreme Court affirmed Defendant's conviction.[52]

---

[52] *See Holmes v. State*, 2015 WL 428071, at *1.

20

Rule 61(d)(5) provides that "[i]f it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified." It plainly appears that the claims against Appellate Counsel have no basis in the record and are not supported by law. Defendant is not entitled to relief on these claims. Therefore, summary dismissal is appropriate.

## VI. RULE 61 COUNSEL'S MOTION TO WITHDRAW

After a thorough review of the record and a careful and conscientious analysis of Defendant's case materials, Rule 61 Counsel contends that he is unable to ethically assert any meritorious postconviction claims on Defendant's behalf.[53] Accordingly, Rule 61 Counsel filed a Motion to Withdraw as Counsel.[54] Withdrawal may be appropriate when "counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant . . . ."[55] Moreover, the Court has conducted a review of the record and has determined that

---

[53] Despite taking the position that there are no meritorious grounds for relief, Rule 61 Counsel has filed Defendant's submissions for the Court's consideration pursuant to his continuing duty as appointed counsel. *See* Super. Ct. Crim. R. 61(e)(5)–(6).

[54] Super. Ct. Crim. R. 61(e)(6).

[55] *Id.*

Defendant's motion does not contain any reasonable ground for relief.[56] Therefore, Rule 61 Counsel shall be permitted to withdraw.

## VII. CONCLUSION

Upon consideration of the parties' submissions, statutory and decisional law, and the entire record in this case, the Court finds that that there are no meritorious grounds for postconviction relief and that Trial Counsel and Appellate Counsel provided effective assistance of counsel consistent with the *Strickland* standard.

**NOW, THEREFORE, this 15th day of December, 2016, Defendant's Motion for Postconviction Relief is hereby DENIED and Rule 61 Counsel's Motion for Withdraw as Counsel is hereby GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
The Honorable Andrea L. Rocanelli

---

[56] *State v. West*, 2013 WL 6606833, at *3 (Del. Super. Dec. 12, 2013).

22